```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

ERROL VICTOR, SR., ET AL.                    CIVIL ACTION

VERSUS                                       NO: 09-3213

COMMUNITY BANCORP OF                         SECTION: R(1)
LOUISIANA, INC., ET AL.

## ORDER AND REASONS

Before the Court are two motions to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure filed by defendant Tregg Wilson[1] and defendants Community Bank, Norma Cortez, and Michael B. Richie (Community Bank defendants).[2] Plaintiffs have not filed an opposition to the motion. For the following reasons, the Court GRANTS defendants' motions.

### I.   BACKGROUND

Plaintiffs filed this *pro se* action on April 2, 2009.[3] Plaintiffs Errol Victor, Tonya Victor, and Errol Victor, Jr. allege that their civil rights were violated when they were arrested and indicted on murder charges. Plaintiffs additionally allege that defendants have conspired to seize their personal and

---

[1]   (R. Doc. 91.)

[2]   (R. Doc. 92.)

[3]   (R. Doc. 1).

business assets.

Defendant Tregg Wilson, Errol Victor's criminal defense lawyer, filed an answer and counterclaim for legal defense fees on July 28, 2009.[4]  The Community Bank defendants filed answers on July 29 and 30, 2009.[5]  On October 14, 2009, the Court placed the action on its call docket and instructed plaintiffs to show cause within 30 days why their claims against all other defendants should not be dismissed for failure to demonstrate service of process.[6]  Plaintiffs did not respond to the order to show cause, and accordingly plaintiffs' claims were dismissed without prejudice with respect to all defendants on whom service of process had not been demonstrated.[7]  Because Wilson and the

---

[4]   (R. Doc. 9.)

[5]   (R. Docs. 8, 10, 11.)

[6]   (R. Doc. 33.)

[7]   (R. Doc. 52.)  The following defendants were dismissed: Peter Callais; Christy Montegut; J. Sterling Snowdy; A.J. Kling, Jr.; Barry Landry; James R. Austin; L. Rand Dennis; Kenneth Mitchell; Clarence Savoie, III; Gloria Callais; Charles M. callais; Corey Callais; Dave Defilice, Jr.; John Shaver; Minor Cheramie, Jr.; St. John Parish Office of Community Service; William Joseph; Adams & Reese, LLP; and the Office of Community Service State of Louisiana.

Plaintiffs appealed the dismissal of these defendants on January 6, 2010.  (R. Doc. 61.)  The appeal was subsequently dismissed by the Fifth Circuit for lack of appellate jurisdiction.  (R. Doc. 75.)

Community Bank defendants had been served and had filed answers, plaintiffs' claims against these defendants were not dismissed.

On October 27, 2009, the Court entered a preliminary default as to Wilson's counterclaim against Errol Victor and Tonya Victor because no responsive pleadings had been filed.[8] On November 13, 2009, the Community Bank defendants moved to dismiss plaintiffs' claims for failure to prosecute.[9] In turn, the Court issued an order to show cause why plaintiffs' claims against the Community Bank defendants should not be dismissed for failure to prosecute.[10] On January 6, 2010, plaintiffs responded to the Court's order to show cause by filing a motion for reconsideration,[11] which the Court treated as an opposition to the Community Bank defendants' motion to dismiss.[12] On January 12, 2010, plaintiffs also filed an unopposed motion to set aside default as to Wilson's counterclaim.[13] On March 15, 2010, the Court denied defendants' motion to dismiss for failure to prosecute and granted plaintiffs' motion for reconsideration and

---

[8] (R. Doc. 40.)

[9] (R. Doc. 44)

[10] (R. Doc. 58.)

[11] (R. Doc. 60.)

[12] (R. Doc. 76.)

[13] (R. Doc. 62.)

3

motion to set aside entry of default.[14]  The Court explained that plaintiffs had "one last opportunity to prosecute their claims"[15] and ordered plaintiffs to file an answer to Wilson's counterclaim within 10 calendar days.[16]  Plaintiffs filed their answer on March 26, 2010.[17]

Defendants move to dismiss for failure to prosecute, citing plaintiffs' failure to respond to discovery requests; Errol Victor, Jr.'s and Fabian Victor's failure to appear at two separate depositions, for which they were subpoenaed, on September 1 and September 13, 2010;[18] and Errol Victor's and Tonya Victor's refusal to answer questions during depositions on September 8, 2010,[19] despite the magistrate judge's signed order granting leave for defendants to depose them in the St. John Parish Prison, where they are incarcerated.[20]  Defendants also point to plaintiffs' failure to file their witness and exhibit list, as required by the Court's April 8, 2010 scheduling

---

[14]    (R. Doc. 76.)

[15]    (R. Doc. 76.)

[16]    (*Id.*)

[17]    (R. Doc. 77.)

[18]    (R. Doc. 92, Exs. C, D, G, H.)

[19]    (R. Doc. 92-15; R. Doc. 92-16.)

[20]    (R. Doc. 90.)

order.[21]  The scheduling order set a pre-trial conference for October 14, 2010 and required the parties to submit a pre-trial order one full work day prior to the conference.[22]  Plaintiffs did not file a pre-trial order or appear at the pre-trial conference.[23]

## II.  STANDARDS

Federal Rule of Civil Procedure 41(b) empowers a district court to involuntarily dismiss an action, with prejudice, if a plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  Because "dismissal with prejudice is an extreme sanction that deprives the litigant of the opportunity to pursue his claim," however, a dismissal under Rule 41(b) should be granted only where:  "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile."  *Berry v.*

---

[21]   (R. Doc. 78; R. Doc. 92.)

[22]   (R. Doc. 78.)

[23]   (R. Doc. 96.)

*Cigna/RSI-Cigna*, 975 F.2d 1188, 1191 (5th Cir. 1992) (quoting *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1521 (5th Cir. 1985)). In addition, to dismiss an action for failure to prosecute, the Fifth Circuit requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Berry*, 975 F.2d at 1191.

**III. DISCUSSION**

The Court finds that there is a clear record of delay and contumacious conduct intentionally caused by plaintiffs and that lesser sanctions would not prompt diligent prosecution. Plaintiffs have failed to prosecute their claims after receiving a warning from the Court that followed a previous order to show cause why their claims should not be dismissed. *See Ramsay v. Bailey*, 531 F.2d 706, 709 n.2 (5th Cir. 1976) (affirming the district court's dismissal where plaintiff was "fully and repeatedly apprised of the possible imposition of the Rule 41(b) sanction"); *see also Callip*, 757 F.2d at 1521 (listing "explicit warnings" as a lesser alternative sanction to dismissal). Further, Errol Victor, Jr. and Fabian Victor have each violated

two subpoenas requiring their appearances,[24] and Errol Victor and Tonya Victor have refused to cooperate in discovery.[25]  In addition, plaintiffs failed to provide the Court with a list of witness and exhibits, failed to submit a pre-trial order, and failed to appear at the pre-trial conference, which constitute repeated violations of the Court's scheduling order.[26]  Accordingly, the Court finds that dismissal is appropriate.  *See Berry*, 975 F.2d at 1192 n.6 ("[W]here a plaintiff has failed to comply with several court orders or court rules, we have held that the district court did not abuse its discretion in involuntarily dismissing the plaintiff's suit with prejudice.").

## IV. CONCLUSION

For the foregoing reasons, plaintiff's claims against defendants are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 18th day of October, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[24]   (R. Doc. 92, Exs. A, B, C, D, F, E, G, H.)

[25]   (R. Doc. 92, Exs. N, O.)

[26]   (R. Doc. 78.)